**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

EVERICK L. MONK
ADC #104809                                                                                          PLAINTIFF


V.                                       2:06CV00121 SWW/JTR


MICHAEL PHIEFFER,
Correctional Medical Services, et al.                                                    DEFENDANTS


**ORDER OF DISMISSAL**

Plaintiff, who is currently incarcerated at the Maximum Security Unit of the Arkansas Department of Correction, has filed a *pro se* § 1983 Complaint, an Application to Proceed *In Forma Pauperis*, a Motion for an Order to See an Outside Specialist, a Motion for a Jury Trial, and a Motion for a Ruling. *See* docket entries #1, #2, #3, #4, and #9. For the reasons set forth herein, the Court will: (1) deny the Application to Proceed *In Forma Pauperis*; (2) dismiss the Complaint, without prejudice, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g); and (3) deny the remaining Motions as moot.

**I. Screening**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

**A.     Three Strikes Rule**

The PLRA also contains a three-strikes provision, which specifies that a prisoner cannot

proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

The Court's records demonstrate that Plaintiff has previously filed the following four § 1983 actions, which were dismissed for failing to state a claim upon which relief may be granted: (1) *Monk v. Deppa;* 5:97CV00213 HW; (2) *Monk v. Norris*; 4:98CV00382 HW; (3) *Monk v. Lay*; 5:99CV00305 SWW; and (4) *Monk v. Reed*; 5:00CV00161 GH.[1] Accordingly, the Court concludes that Plaintiff has accumulated three strikes, as defined by § 1915(g).

**B.      Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three-strikes rule that is set forth in § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that three-strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) Furthermore, the Eighth Circuit has been reluctant to apply the imminent danger exception unless the alleged ongoing danger subjects the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger

---

[1] Additionally, Plaintiff has filed the following four § 1983 cases that were dismissed, without prejudice, pursuant to the three strikes rule: (1) *Monk v. CMS*; 5:00CV00023 JTR; (2) *Monk v. Casey*; 5:00CV00268WRW; (3) *Monk v. Norris*; 5:01CV00005 SMR; and (4) *Monk v. Norris;* 5:02CV00048 GH.

exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048,1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

In his Complaint and supportive pleadings, Plaintiff alleges that <u>eighty-five</u> Defendants have retaliated against him and denied him adequate medical care for parasites, scabies, or mites that are causing his skin to itch.[2]  *See* docket entries #2, #3, #6, #7, #9, and #10.  The Court concludes that these allegations do not satisfy the imminent danger exception set forth in § 1915(g).

## II.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) is DENIED.

2. The Complaint (docket entry #2) is DISMISSED, WITHOUT PREJUDICE,.pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3. Plaintiff's Motion for an Order to See an Outside Specialist (docket entry #3), Motion for a Jury Trial (docket entry #4), and Motion for a Ruling (docket entry #9) are DENIED, AS MOOT.

4. If Plaintiff wishes to continue this case, he must, **within thirty (30) days of the entry of this Order**:  (a) pay the statutory filing fee of $350.00, in full, noting the above case style and number; and (b) file a Motion to Reopen the case.  Upon receipt of the Motion and full payment, this case will be reopened.

---

[2] Since October of 2005, Defendants have treated Plaintiff's alleged skin condition with various ointments, antihistamines, and antibiotics.  *See* docket entries #2, #3, #7, #9, and #10.

5.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 13th day of July, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE